PER CURIAM.
Because of concerns as to the competency of counsel appointed to represent defendants in death penalty cases, this Court appointed a committee[1] to study and recommend for our review minimum standards to ensure the competency of appointed counsel in death penalty cases. This Court now is considering whether to adopt these or other standards for appointed counsel as a Rule of Judicial Administration. The committee has provided us with the proposed standards set forth in the appendix attached to this opinion.
We direct that the proposed standards be published in the next issue of The Florida Bar News. Interested persons, and especially those who may be affected by the adoption of the proposed rule, are encouraged to submit comments within sixty days of the date of publication.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
APPENDIX
Minimum Standards For Attorneys In Capital Cases
A. Minimum standards that have been promulgated concerning representation of defendants in criminal cases generally, and the level of adherence to such standards required for non-capital cases, should not be adopted as sufficient for death penalty cases.
B. These minimum standards for capital cases are not intended to preclude any circuit from adopting or maintaining standards having greater requirements.
C. Counsel in death penalty cases should be required to perform at the level of an attorney reasonably skilled in the specialized practice of capital representation, zealously committed to the capital case, who has had adequate time and resources for preparation.
D. Every circuit shall maintain a list of counsel qualified for appointment in capital cases in each of four categories: (1) lead trial counsel; (2) trial co-counsel; (3) appellate counsel; and (4) post conviction counsel. No attorney may be appointed to handle a capital trial or appeal unless duly qualified on the appropriate list.
E. The conflict committee for each circuit is responsible for approving and removing attorneys from the list. See § 925.037, Florida Statutes (Supp. 1996). Each circuit committee is encouraged to obtain additional input from experienced capital defense counsel.
F. A capital trial- case is defined as any first degree murder case in which the *422 State has not formally waived the death penalty on the record. A capital appeal case is any appeal in which the death penalty has been imposed. A capital post-conviction case is any case where the defendant is still under a sentence of death.
G. A court must appoint lead counsel and co-counsel to handle every capital trial in which the defendant is not represented by retained counsel or the Public Defender. Lead counsel shall have the right to select co-counsel from attorneys on the lead counsel or co-counsel list. The court must appoint co-counsel if the State has not formally waived the death penalty on the record within ninety days of arraignment. Both attorneys shall be compensated at a reasonable hourly rate for the trial and sentencing phase. Except under extraordinary circumstances, only one attorney may be compensated for other proceedings.
H. No attorney may be qualified on any of the capital lists unless he or she has attended within the last year a continuing legal education program of at least ten hours duration devoted specifically to the defense of capital cases. The failure to comply with this requirement shall be cause for removal from the list until the requirement is fulfilled.
I. Lead trial counsel assignments should be given to attorneys who:
i. are members of the bar admitted to practice in the jurisdiction or admitted to practice pro hac vice; and
ii. are experienced and active trial practitioners with at least five years’ litigation experience in the field of criminal defense; and
iii. have prior experience as lead counsel in no fewer than nine jury trials of serious and complex cases which were tried to completion, as well as prior experience as lead defense counsel or co-counsel in at least one case tried to completion in which the death penalty was sought. In addition, of the nine jury trials which were tried to completion, the attorney should have been lead counsel in at least three cases in which the charge, was murder; or alternatively, of the nine jury trials, at least one was a murder trial and an additional five were felony jury trials; and
iv. are familiar with the practice and procedure of the criminal courts of the jurisdiction; and
v. are familiar with and experienced in the utilization of expert witnesses and evidence, including but not limited to psychiatric and forensic evidence; and
vi. have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to capital cases.
J.Trial co-counsel assignments should be given to attorneys who:
i. are members of the bar admitted to practice in the jurisdiction or admitted to practice pro hac vice; and
ii. who qualify as lead counsel under paragraph (I) of these standards or meet the following requirements:
a. are experienced and active trial practitioners with at least three years’ litigation experience in the field of criminal prosecution or defense; and
b. have prior experience as lead counsel or co-counsel in no fewer than three jury trials of serious and complex cases which were tried to completion, at least two of which were trials in which the charge was *423 murder; or alternatively, of the three jury trials, at least one was a murder trial and one was a felony jury trial; and
c. are familiar with the practice and procedure of the criminal courts of the jurisdiction; and
d. have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to capital cases.
K.Appellate counsel assignments should be given to attorneys who:
i. are members of the bar admitted to practice in the jurisdiction or admitted to practice pro hac vice; and
ii. are experienced and active trial or appellate practitioners with at least three years’ experience in the field of criminal defense; and
iii. have prior experience within the last three years as counsel in the appeal of at least one case where a sentence of death was imposed, as well as prior experience within the last three years as lead counsel in the appeal of no fewer than three felony convictions in federal or state court, at least one of which was an appeal of a murder conviction; or alternatively, have prior experience within the last three years as lead counsel in the appeal of no fewer than six felony convictions in federal or state court, at least two of which were appeals of a murder conviction; and
iv. are familiar with the practice and procedure of the appellate courts of the jurisdiction; and
v. have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to capital cases.
L. Capital postconviction collateral counsel assignments should be given to attorneys who:
i. are members of the bar admitted to practice in the jurisdiction or admitted to practice pro hac vice; and
ii. are experienced and active trial practitioners with at least three years’ litigation experience in the field of criminal defense; and
iii. have prior experience as counsel in no fewer than five jury or bench trials of serious and complex cases which were tried to completion, as well as prior experience as postcon-viction counsel in at least three cases in state or federal court. In addition, of the five jury or bench trials which were tried to completion, the attorney should have been counsel in at least three cases in which the charge was murder; or alternatively, of the five trials, at least one was a murder trial and an additional three were felony jury trials; and
iv. are familiar with the practice and procedure of the appropriate courts of the jurisdiction; and
v. have demonstrated the necessary proficiency and commitment which exemplify the quality of representation appropriate to capital cases.
M. Except under extraordinary circumstances, no counsel should be appointed at one time to more than two pending proceedings at the trial stage, appellate stage prior to oral argument, or post-conviction stage.

. The Court deeply appreciates the work of the committee members: Honorable Philip J. Padovano, Honorable Susan Schaeffer, Honorable Joseph P. Farina, Honorable Jerry Hill, Honorable Marion Moorman, Carey Haughwout, Esquire, and Professor John F. Yetter.